UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOANNA LYNN TACKETT,

     **Plaintiff,**

     v.

Case No. 2:14-cv-2638
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

     **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Application to Charge and Collect a Fee and Plaintiff's Amended Motion to Charge and Collect a Fee. (ECF Nos. 26 and 27.) The Commissioner of Social Security has responded to Plaintiff's Amended Motion. (ECF No. 28.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Amended Motion (ECF No. 27) be **GRANTED** and that Plaintiff's Application to Charge and Collect a Fee (ECF No. 26) be **DENIED AS MOOT**. It is further **RECOMMENDED** that the Court **AWARD** Plaintiff attorney fees in the amount of **$19,329.50**.

**I.**

On December 16, 2014, Plaintiff filed this action under 42 U.S.C. § 405(b) for review of a final decision of the Commissioner of Social Security denying Plaintiff's application disability insurance benefits. (ECF No. 3.) On March 21, 2016, the Court reversed the decision of the Commissioner and remanded the action, pursuant to Sentence 4 of 42 U.S.C. § 405(g), for further administrative proceedings. (ECF Nos. 21 and 22.) On April 20, 2016, the Court

granted the parties' stipulation for an award of attorney fees in the amount of $5,750.00, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (ECF No. 25.)

On remand pursuant to the Court's judgment, the Administrative Law Judge issued a favorable decision and the parties agree that twenty-five percent of the amount of past due benefits owed to Plaintiff is $14,238.50. (ECF No. 26 at PAGEID ## 1063–64, 1066; ECF No. 28 at 2.) Twenty-five percent of the amount of past due benefits owed to Plaintiff's two qualifying dependents is $2,545.50 each. (ECF No. 27 at PAGEID ## 1079–90.)

On July 27, 2017, Plaintiff's counsel filed an Application to Charge and Collect a Fee, seeking $14,238.50 in fees. (ECF No. 26.) In support, counsel attached billing records and a contingency fee agreement he reached with Plaintiff entitling him to twenty-five percent of past due benefits. (ECF No. 26-1 at PAGEID # 1073.) On August 14, 2017, Plaintiff's counsel filed an Amended Motion to Charge and Collect a Fee, seeking $19,335.50 in fees, which represents twenty-five percent of the total amount past due to Plaintiff and her two qualifying dependents. (ECF No. 27.) Plaintiff's counsel agrees that the $5,750.00 previously awarded pursuant to the EAJA will serve as an offset against the amount sought. (*Id.*) The Commissioner calculates twenty-five percent of the total amount past due to Plaintiff and her two qualifying dependents as $19,329.50. (ECF No. 28 at 2.) The Commissioner submits that the Court has discretion to either reduce the fee sought by counsel or award the full twenty-five percent fee. (ECF No. 28.)

## II.

Counsel moves for fees pursuant to 42 U.S.C. § 406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). Pursuant to this statute, the Court may only award fees for work done at the district court level. *Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) ("[I]n cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings."); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) ("The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.").

In evaluating the reasonableness of requested fees, the Court "begin[s] by using twenty-five percent of the past due benefits as a benchmark." *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) ("While we use that mark as a starting point for the court's analysis, we emphasize that it is not to be viewed as *per se* reasonable."). When a claimant has entered into a contingency fee agreement entitling counsel to twenty-five percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Id.* at 746. The Court, however, still stands as an "independent check" on the reasonableness of such arrangements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

In assessing the reasonableness of a fee, the Court can consider a variety of factors including the hours spent in representation and "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Id.* at 808. The Court should reduce fees in situations where counsel "would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Rodriquez*, 865 F.2d at 746. Even in contingency-agreement cases, the Court may calculate hourly rates in considering whether an award results in a windfall.

3

*Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421–22 (6th Cir. 1990). The United States Court of Appeals for the Sixth Circuit, however, has expressed dissatisfaction with the use of an across-the-board, strict hourly rate limitation:

> [A] windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market. We believe that a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.

*Id.* at 422.

Finally, although a claimant may be awarded fees under the Social Security Act and the EAJA, "any funds awarded pursuant to the EAJA serve as reimbursement to the claimant for fees paid out of his or her disability award to his or her counsel" and counsel must return the smaller fee to the claimant. *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989).

## III.

In this case, in light of the information provided, the Court finds that counsel's requested fees are reasonable. First, to clarify the record, twenty-five percent of the amount of past due benefits to Plaintiff and her two qualifying dependents is $19,329.50.[1] Counsel represents that he has expended 90.50 hours in this matter and that his hourly rate representing Plaintiff is $150.12. (ECF No. 26 at 2; ECF No. 26-1 at PAGEID ## 1067–72; ECF No. 27 at 2.) However, the 90.50 hours cited by counsel includes time expended at the administrative level. (ECF No. 26-1 at PAGEID ## 1067–72.) As set forth above, the Court may award fees only for work done

---

[1] The Court calculates this total by adding $14,238.50 (twenty-five percent of amount of past due benefits to Plaintiff), $2,545.50 (twenty-five percent of amount of past due benefits to Plaintiff's first qualifying dependent), and $2,545.50 (twenty-five percent of amount of past due benefits to Plaintiff's second qualifying dependent).

at the district court level. *Horenstein*, 35 F.3d at 262. Counsel expended approximately thirty-five hours of work before this Court between December 2014 (when the case was filed in this Court) and March 2016 (when the Court reversed and remanded the action), resulting in a hypothetical hourly rate of approximately $552.00 ($19,329.50 divided by 35 hours). (ECF No. 26-1 at PAGEID ## 1069–72). Although this rate exceeds the "multiplier of 2" floor set in *Hayes*, the Undersigned cannot say, given the contingent nature of Social Security Appeals, that such a fee results in an unjust windfall. As previously discussed, counsel obtained a good result for Plaintiff, which resulted in a favorable decision upon remand. In addition, counsel has produced a contingency fee agreement indicating that Plaintiff agreed to pay him twenty-five percent of any past-due benefits awarded. Counsel has also agreed to reduce the Section 406(b) fee request by the $5,750.00 previously awarded under the EAJA. Moreover, this Court has awarded comparable or higher hourly rates in similar cases. *See*, *e.g.*, *Bennett v. Comm'r of Soc. Sec*, No. 2:15-cv-090, 2017 WL 1487593, at *2 (S.D. Ohio Apr. 26, 2017) (finding that a $540.00 hourly rate "is presumptively reasonable" and recommending that fee request be granted), *adopted*, 2017 WL 2364378 (S.D. Ohio May 30, 2017) (Sargus, J.); *Smith v. Comm'r of Soc. Sec*., No. 2:10-cv-701, 2014 WL 618996, at *2 (S.D. Ohio Feb. 18, 2014) (recommending fee request of effective hourly rate of $750.00), *adopted*, 2014 WL 1046025 (S.D. Ohio Mar. 17, 2014) (Sargus, J.); *Havens v. Comm'r of Soc. Sec*., No. 2:12-cv-637, 2014 WL 5308595, at *2 (S.D. Ohio Oct. 16, 2014) (finding that an effective hourly rate of $750.00 is reasonable), *adopted*, 2014 WL 6606342 (S.D. Ohio Nov. 20, 2014) (Smith, J.). Finally, the Undersigned notes that the Commissioner submits that the Court has discretion to either reduce the fee sought by counsel or award the full fee requested. (ECF No. 28.)

## IV.

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Amended Motion (ECF No. 27) be **GRANTED** and that Plaintiff's Application to Charge and Collect a Fee (ECF No. 26) be **DENIED AS MOOT**. It is further **RECOMMENDED** that the Court **AWARD** Plaintiff attorney fees in the amount of **$19,329.50, with a refund to be made to Plaintiff of the $5750.00 previously awarded under the EAJA.**

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994

(6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: October 4, 2017 /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE